IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:21-cr- 110 |
| v. | ) | |
| | ) | Count 1: Conspiracy to Commit Bank |
| MARCUS GHARIB, | ) | Fraud (18 U.S.C. § 1349) |
| | ) | |
| Defendant. | ) | Forfeiture Notice |

**CRIMINAL INFORMATION**

THE UNITED STATES ATTORNEY CHARGES THAT:

**COUNT 1**
(Conspiracy to Commit Bank Fraud)

**Introductory Allegations**

At all times material to this Information, unless otherwise specified below:

1. Defendant MARCUS GHARIB (hereinafter "GHARIB" or "Defendant") resided in Tysons, Virginia, within the Eastern District of Virginia.

2. Advanced LLC is a corporation GHARIB formed in Virginia in July of 2019 that maintains its registered office in Vienna, Virginia. GHARIB serves as the Registered Agent and sole member of Advanced LLC.

3. On or about October 31, 2020, Advanced LLC was placed into inactive status and its legal existence was cancelled by the Virginia State Corporation Commission because the annual registration fee for the company was past due. On or about December 14, 2020, GHARIB filed an application for reinstatement, and Advanced LLC was ordered reinstated.

1

4.      Atlantic Union Bank was a bank, the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC"). Atlantic Union Bank therefore constituted a "financial institution" for purposes of 18 U.S.C. §§ 20, 1344, and 1957.

### The Paycheck Protection Program

5.      In or around March 2020, in response to the economic crisis caused by the novel coronavirus pandemic, the United States Congress passed the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 (2020) ("CARES Act"). Among other things, the CARES Act made government-guaranteed loans available to qualified small businesses through the Paycheck Protection Program ("PPP"). The purpose of loans issued under the PPP was to enable small businesses suffering from the economic downturn to continue to pay salary or wages to their employees. The PPP was administered by the Small Business Administration ("SBA"), which promulgated regulations concerning eligibility for a PPP loan. Eligible businesses seeking a loan under the PPP could apply for such a loan through a federally insured depository institution.

6.      To qualify for a loan under the PPP, an applicant had to meet certain criteria, including, among other things, that it was in operation on February 15, 2020, and either had employees for whom it paid salaries and payroll taxes or paid independent contractors, as reported on a Form 1099-MISC. Moreover, the amount of the loan that could be approved under the PPP and implementing regulations typically was a function of the applicant's historical payroll costs, consisting of compensation to its employees whose principal place of residence was the United States, subject to certain exclusions.

7.      The proceeds of a PPP loan could be used only for certain specified items, such as payroll costs, costs related to the continuation of group health care benefits, mortgage interest

payments (but not mortgage prepayments or principal payments), rent payments, utility payments, interest payments on debt obligations that were incurred before February 15, 2020, or for refinancing certain specified SBA loans. The proceeds of a PPP loan were not permitted to be used to purchase automobiles, aircraft, personal residences, clothing, jewelry, to pay the borrower's personal federal income taxes, or to fund the borrower's ordinary day-to-day living expenses unrelated to the specified authorized expenses.

8. From at least April 2020 and continuing through at least June 2020, in the Eastern District of Virginia and elsewhere,

**MARCUS GHARIB,**

and others known and unknown to the United States Attorney did knowingly conspire and agree with each other to commit the following offense, namely bank fraud – that is, having knowingly devised and intending to devise a scheme and artifice to defraud financial institutions, and to obtain by means of materially false and fraudulent pretenses, representations, and promises, moneys, funds, credits, assets, securities or other property owned by, or under the custody or control of a financial institution, in violation of Title 18, United States Code, Section 1344.

### Purpose and Objects of the Conspiracy

9. It was a purpose and object of the conspiracy for GHARIB and his co-conspirators to fraudulently obtain moneys, funds, credits, assets, and other property owned by, and under the custody and control of, Atlantic Union Bank and other financial institutions—namely, PPP loan proceeds—and to spend those proceeds on items that were not authorized under the PPP.

## Manner and Means of the Conspiracy

10. In furtherance of the conspiracy, and to accomplish its unlawful objects, the following manner and means were used, among others:

    a. GHARIB provided Atlantic Union Bank a 2019 IRS Form 941, a 2019 IRS Form 1040, and a 2020 IRS Form 941, none of which were or ever had been filed with the IRS and each of which contained materially false and fraudulent information;

    b. GHARIB falsely certified to Atlantic Union Bank that "[a]ll SBA loan proceeds will be used only for business-related purposes as specified in the loan application and consistent with the Paycheck Protection Program Rule," when GHARIB in fact knew that this was false, and that he intended to use the PPP loan proceeds for unauthorized purposes, including for his day-to-day living expenses;

    c. GHARIB falsely certified to Atlantic Union Bank that "[t]he funds will be used to retain workers and maintain payroll or make mortgage payments, lease payments, and utility payments," when GHARIB in fact knew that this was false, and that he intended to use the PPP loan proceeds for unauthorized purposes;

    d. GHARIB falsely attested and certified to Atlantic Union Bank "that the information provided in this application and the information that [GHARIB had] provided in all supporting documents and forms is true and accurate." GHARIB made these representations when, in fact, he knew that he had made numerous false statements in this PPP loan application; and

11. In furtherance of the conspiracy, and to achieve the objects thereof, the following overt acts, among others, were committed in the Eastern District of Virginia:

  a. on or about June 4, 2020, GHARIB opened a business checking account at Atlantic Union Bank under the name Advanced LLC, and GHARIB was the only authorized signer for this account;

  b. on or about June 5, 2020, GHARIB electronically applied to Atlantic Union Bank for a $104,162.50 PPP loan on behalf of Advanced LLC;

  c. from at least on or about June 9, 2020, to at least on or about June 15, 2020, GHARIB communicated electronically with his co-conspirators regarding how to successfully submit materially false and fraudulent information to Atlantic Union Bank for the purpose of obtaining PPP loans;

  d. on or about June 23, 2020, GHARIB made fraudulent misrepresentations to Atlantic Union Bank in a Promissory Note on behalf of Advanced LLC; and

  e. GHARIB completed the PPP loan application—including required Atlantic Union Bank forms—and Promissory Note and submitted the fraudulent IRS forms via the internet.

12. On or about June 24, 2020, Atlantic Union Bank disbursed approximately $104,665.00 in PPP loan proceeds to Advanced LLC, which funds were deposited into an account controlled by GHARIB.

13. It was a further part of the scheme and conspiracy that, once GHARIB obtained the proceeds of the loan issued to Advanced LLC, he knowingly spent those proceeds on numerous items that he knew were not authorized under the PPP, such as personal travel and personal expenses.

(All in violation of Title 18, United States Code, Section 1349.)

## Forfeiture Notice

Pursuant to Federal Rule of Criminal Procedure 32.2(a), defendant MARCUS GHARIB is hereby notified that, if convicted of the conspiracy and bank fraud offense alleged in Count One above, he shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), the following property:

    (a)    A sum of money not less than $104,665.00, representing the amount of proceeds the defendant obtained as a result of the violation of Title 18, United States Code, Sections 1349 and 1344 (Conspiracy to Commit Bank Fraud), as described in Count One;

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), defendant MARCUS GHARIB shall forfeit substitute property, up to the value of the amount described in subparagraph (a), if, by any act or omission of defendant MARCUS GHARIB, the property described in paragraph (a), or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been comingled with other property which cannot be divided without difficulty.

(All pursuant to Title 18, United States Code, Section 982(a)(2)(A), and Rule 32.2(a) of the Federal Rules of Criminal Procedure.)

Raj Parekh
Acting United States Attorney

By: /s/ Russell L. Carlberg

Russell L. Carlberg
Assistant United States Attorney
Christopher Cooke
Special Assistant United States Attorney